UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY AGUILAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.;<br>NORTHWEST TRUSTEE SERVICES,<br>INC.; and DOES 1–10,<br><br>　　　　Defendants. | No. 2:17-cv-00480-KJM-AC<br><br><br>ORDER |

    A homeowner sues his loan servicer and a foreclosure trustee for violating California's Homeowner Bill of Rights ("HBOR") and for negligently handling his loan modification application. Plaintiff Eddy Aguilar filed this lawsuit in state court, but defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed it to this court. Plaintiff moves to remand. Mot., ECF No. 5. The court GRANTS plaintiff's motion.

I.  BACKGROUND

    Like many homeowners, plaintiff "underwent several seasons of severe financial hardships [following] the nation's economic downturn in 2008." Notice of Removal Ex. A ("Compl.") ¶ 9, ECF No. 1-1. In 2015, plaintiff fell behind on the mortgage payments on his home (the "Subject Property"). *Id.* ¶ 10. He made several unsuccessful requests for Wells Fargo to evaluate him for a loan modification, but Wells Fargo and defendant Northwest Trustee

1

Services, Inc. undertook foreclosure proceedings and scheduled a trustee's sale of the Subject Property. *Id.* ¶¶ 11–18.

Plaintiff filed a complaint in state court asserting six causes of action: five for various violations of the HBOR and one for negligence arising from Wells Fargo's alleged mishandling of his most recent loan modification application. He seeks an unspecified amount of damages as well as injunctive relief. *Id.* at 17:12–18:7. Wells Fargo removed the case to this court. Plaintiff moves to remand, arguing the court lacks subject matter jurisdiction. Mot. 2:4–19.

## II. LEGAL STANDARD

When a case "[over] which the district courts of the United States have original jurisdiction" is initially filed in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). However, "[t]he burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), which provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). In removed diversity cases where the complaint leaves the amount in controversy ambiguous or unclear, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

## III. DISCUSSION

Plaintiff argues the court lacks subject matter jurisdiction because (1) the parties are not citizens of different states, (2) Wells Fargo has not shown that the amount in controversy

exceeds $75,000, and (3) removal was untimely. Mot. 2:4–19. The court finds the amount-in-controversy requirement is not met, and so the court does not reach the other two issues.

In his complaint, plaintiff does not specify the amount of damages he seeks, so Wells Fargo must prove by a preponderance of evidence that the amount in controversy exceeds $75,000. To satisfy that requirement, Wells Fargo argues the amount in controversy should be measured by the balance of plaintiff's loan or the value of the Subject Property because "[i]n actions seeking declaratory or injunctive relief, . . .the amount in controversy is measured by the value of the object of the litigation." Notice of Removal 9:4–5, 10:16–21 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011)). Wells Fargo argues the object of this litigation is its secured interest in the Subject Property because, "[s]hould Plaintiff prevail in this action, [he] would retain title to the [Subject] Property, and enjoin Wells Fargo from taking any action under its secured interest." *Id.* at 10:16–17.

Plaintiff does not seek an injunction as sweeping in scope as Wells Fargo suggests, namely, an indefinite injunction preventing Wells Fargo from taking any action under its secured interest. In fact, the HBOR "does not authorize permanent injunctive relief, but permits it only until the defendant show[s] that the material violation [of the HBOR] has been corrected and remedied." *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 n.1 (C.D. Cal. Mar. 17, 2015) (first alteration in original) (citation omitted). By its terms, the injunction provision of the HBOR provides only that "[a]ny injunction shall remain in place and any trustee's sale shall be enjoined *until* the court determines that . . . the violation or violations giving rise to the action for injunctive relief" have been remedied. Cal. Civ. Code. § 2924.12(a)(2) (emphasis added); *see also Perryman v. JP Morgan Chase Bank*, No. 1:16-cv-00643-LJO-SKO, 2016 WL 4441210, at *6 (E.D. Cal. Aug. 23, 2016) ("[T]he injunction available under Section 2924.12(a)(2) is temporary and survives only until any violation of the HBOR is corrected or remedied."). Thus, although plaintiff prays for "injunctive relief enjoining the Defendants . . . from foreclosing and/or otherwise selling and/or auctioning the Subject Property," Compl. 17:15–20, there is no doubt that plaintiff seeks only an injunction against

foreclosure until defendants comply with the HBOR because the HBOR authorizes no more. Further, plaintiff makes clear elsewhere in his complaint that he requests an injunction pending defendants' compliance with the HBOR. For example, plaintiff alleges he is "entitled to injunctive relief staying any movement forward with a Trustee's Sale or any other foreclosure proceedings *until Defendants bring their conduct into compliance with California law*." Compl. ¶ 35 (emphasis added). In short, plaintiff seeks only an injunction against foreclosure until defendants comply with the HBOR, not, as Wells Fargo contends, an injunction "enjoin[ing] Wells Fargo from taking any action under its secured interest." Notice of Removal 10:16–17.

Courts have reached different conclusions about whether an injunction under the HBOR places the entire value of the property or loan balance at issue. As the *Turner* court described the split in authority:

> Some courts have concluded that an injunction to afford time to remedy HBOR violations related to a loan modification application places the modification itself—not the property or the loan—at the center of the litigation. Others conclude that any injunction on foreclosure, however temporary, places the injunctive relief at the heart of the litigation thus implicating the value of the property or the amount of the underlying mortgage to establish the amount in controversy.

*Turner*, 2017 WL 2214961, at *2 (citations omitted).

Here, the court follows the former approach. The court finds persuasive the *Perryman* court's reasoning that "[t]he object of this litigation, and indeed the purpose of the HBOR, is to require [the mortgage servicer] to consider Plaintiff's loan modification application and provide Plaintiff with a decision prior to foreclosure." *Perryman*, 2016 WL 4441210, at *6. Moreover, that rationale enjoys support both in this district and others. *See, e.g.*, *Ulshafer v. PHH Mortg. Co*, No. 2:16-cv-01141-MCE-CKD, 2017 WL 896290, at *4 (E.D. Cal. Mar. 6, 2017) (collecting cases); *Vergara*, 2015 WL 1240421, at *2 (same).

Wells Fargo argues that *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074 (9th Cir. 1973), compels a different conclusion here. Opp'n 4:24–5:8, ECF No. 12. In *Garfinkle*, the court looked to the market value of the property and the outstanding loan balance to satisfy the amount in controversy requirement. *Garfinkle*, 483 F.2d at 1076. However, *Garfinkle* involved a

permanent injunction against foreclosure, with no apparent temporal limitation.  *Id.*  As discussed above, the HBOR authorizes no such relief, so *Garfinkle* does not control.

At bottom, the injunction plaintiff seeks places neither the value of the Subject Property itself nor the loan balance at the center of this litigation.  There may be a monetary value associated with the relief plaintiff seeks, but Wells Fargo leaves the court to wonder what it is.  Wells Fargo has not shown by a preponderance of evidence that the amount in controversy exceeds $75,000, and the court lacks subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion to remand.  In light of this order, the court also DENIES Wells Fargo's motion to dismiss, ECF No. 3, as moot.  This action is remanded to the Superior Court of the State of California, County of Sacramento.

IT IS SO ORDERED.

DATED:  August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE